We move from Council Roche to Potty Roche, Christopher Roche v. Department of Transportation, 2009-31-11. When you're ready, Mr. Sills, we'll be ready. Good morning, Your Honors. May it please the Court. The issue before this Court today is whether the provisions of 5 U.S. Code 7511, the definition of an employee, apply to employees of the Federal Aviation Administration, due to the fact that these provisions have been excluded from the FAA's congressionally mandated performance management system. I'll tell you what your problem is, and that is why, when in 1996 Congress restored the right of these employees to appeal to the MSPB, why would it want to give broader appeal rights to the FAA employees than it gives to other employees in the Federal Government, which is essentially what you're saying. Well, first of all, in 1996, that was the first time that the Federal Aviation Administration employees were excluded from the jurisdiction of the Board. Four years later, under the Ford Act... I mean, I'm about the wrong date. Oh, no, no, no, just four years. The Wendell Ford Act. Yes, under the Ford Act. They restored the appeal rights of the FAA employees. Why, possibly, would Congress want to give them broader appeal rights than other employees in the Federal Government? Well, a review of the legislative history behind the Ford Act indicates that all that was being discussed at the time were FAA employees. There's no indication that Congress ever had an intention to create, essentially, two classes. Yeah, but I don't think you're answering my question. The consequence of your argument is that FAA employees have broader appeal rights to the MSPB than other government employees, right? Well, yes, Your Honor, because in both 1996... So why would Congress want to do that? Because in both 1996 and 2000, Congress, first in 1996, mandated, and then in 2000 continued its mandate, to have FAA have its own personnel management system. And when they did that, they removed FAA employees from Title V. Now, in the Ford Act, Title V was, in specific portions, reinserted for FAA employees for their coverage. And at no time would Congress have ever intended to do anything but give rights to FAA employees. I think what Judge Dice is getting to is that only one year of employment is required for an FAA employee to appeal, if your argument is correct. Whereas for other employees, it's two years. Correct. And it's... be entitled to override a statute that requires two years. But with all due respect, the statute was already overridden when Congress removed the jurisdiction of the MSPB in 1996. And when it piecemeal placed it back, what Congress did was it filled the gaps. It filled the gaps for FAA employees. For example, FAA employees had the gap filled... Congress didn't say one year is enough. Well, actually, Congress indicated in Section G3 that appeals to the Merit Systems Protection Board, that an employee of the administration may submit an appeal to the Merit Systems Protection Board. During the entire course of the drafting of the Ford Act and the implementation of the FAA's PMS, they were relying upon the FAA's definition of an employee. And the definition of an employee under the FAA is an individual who meets the probationary period. For an air traffic controller, it is a one-year probationary period. And that is exactly what Mr. Roche met. Now, during the entire course of the legislative action... But you've got a textual argument that they didn't incorporate the definition of employee from 7511, at least not directly. But the question that Judge Lurie and I are both asking, why would Congress want to do that? Why would it want to have a broader definition of employee for going to the MSPB for FAA employees than other employees? Well, we believe that Congress did not want to create two classes of FAA employees. One class of FAA employees being those individuals who have the one-year probationary period, and then another class who need to have two years of service to get before the MSPB. We don't believe there was ever any indication that Congress, when it restored employees' rights to go back to the MSPB, that Congress wanted to have those two groups of employees. But what there is a record of is that the construction of 401-22... Is there any history to suggest why in the FAA's own personnel system they had a one-year standard rather than a two-year standard? I'm not sure for the logic behind it. However, I can speak to the fact that the FAA's personnel management system and its probationary system has been quite consistent specifically for air traffic controllers, that it is always one year for the probationary period. Beginning when? It was prior to 1996 that it was a one-year period. I can't speak to a specific. For the internal... For the internal PMS, yes. However, when Congress passed the Wendell H. Ford Act, they did recognize that the definition of an employee for the PMS was applicable. In the Ford Act, there are only specific sections of Title V that have been incorporated. Now, specifically, this court and the MSPB itself... I'm a little confused. You say there was an internal grievance system before 1996, but I thought the whole purpose of the original statute here was to enable the FAA to set up such a system and it originally exempted them from Title V. That is correct. But you say there was an internal system before the statutory authorization? There's always been an internal grievance provisions. There have always been internal definitions of the FAA. In 1996, however, my understanding is that when the personnel management system for the FAA was put together per the congressional mandate, it incorporated the one-year probationary period that had been in existence. However, what the personnel management system did was it reflected the flexibility and the unique position of Federal Aviation Administration employees. Now, this court and the MSPB have both taken the position that if there is an exclusion from the list of prohibitions under 4122, it cannot be applied to an employee. This court itself and Gonzales most recently denied an employee back pay to redress his harm due to the fact that the Back Pay Act was not included in Title 49 for FAA employees. The MSPB, most recently in 2008 in Hart, acknowledged that 7513 with regards to the 30-day notice period for an adverse action didn't apply because 7513 was not incorporated. Now, in both instances, in Hart, the MSPB looked to the internal procedures. In that case, there was a 15-day notice requirement and that is what Hart required to be the standard. And in Gonzales, when this court made the decision to deny back pay, it looked at both the statute and then the internal personnel management system. What does the Korodeshi case tell us? The Korodeshi case tells us that this court, prior to Gonzales and similar cases, essentially made an assumption. In Korodeshi, the employee before the court asked that the definition of 7511 be applied. And this court looked to see whether or not that employee had sufficient service. However, at that point, the court did not engage in the rigorous analysis that's required by cases such as Gonzales. At that point, the court was essentially doing what the MSPB has done in the past. It has essentially bootstrapped an application of 7511 without doing the analysis of the statute as to whether or not 7511 should, in fact, apply. If that analysis is done, however, it's clear that under the doctrine that where Congress has enumerated certain exceptions to a prohibition, additional exceptions are not to be implied. Now again, Congress was wise enough not to leave a gap for definition of employee. And Congress was wise enough not to leave a gap for the jurisdiction of the Merit Systems Protection Board. In 40122G2, Congress in the Ford Act included 7701 to 7703 of Title V. But your problem is why can't the language, any action that was appealable to the board, mean that it is going to be limited to the kinds of appeals that were permitted earlier and that the kinds of appeals that were permitted earlier were limited to employees that had two years? Well, Your Honor, if you review H, 40122H, it states that an employee may then appeal, may appeal an action that was appealable, or rather G3, an employee of the administration may appeal any of the final decisions or any action that was appealable March 31st, 1996. Now there's a distinction there. It doesn't say an employee as existed in 1996. But when Congress passed the Wendell Ford Act, it didn't decide to make particular sections applicable, right? 7513 was not suddenly made applicable. They relied on the general language, right? Yes, the general language, yes. So we have to read the general language in the light of the statutory scheme. I'm having trouble seeing how the failure to make a particular provision applicable excuses our interpretation of the general language to see what Congress meant. And doesn't that general language suggest they wanted to give them the same appeal rights that they had before the 1996 statute? Well, actually, two points to that. First, if the general language is as broad as that, prior to 1996 exclusion from Title V, FAA air traffic controllers were, in fact, designated as competitive service employees. So they would have had the one-year service. But more tellingly, though, however, Congress, when it enacted the Ford Act- Explain to me what your point is about that. Well, competitive service employees, if 7511 were to be applicable, require a one-year period. But the FAA employees are no longer in that category? They are no longer. They are accepted. Air traffic controllers are accepted service employees. Was that the 1996 statute that did that? I believe it wasn't directly tied to the statute, but it occurred at around the same time. OK. However, though, even without the applicability of 7511, Your Honor mentioned 7513. 7513 is expressly not contained in 40122. But Congress and the ambassador in this court have wisely filled those gaps. The gap for 7513 was filled by the FAA's own personnel management system. The gap for, in other instances, of 7512 was filled by 40122G3, which indicates that any action that was appealable to the board under any law, rule, or regulation as of March 31st, 1996, is now appealable. There we're talking about the adverse actions of 15-day suspension or removal. That's what's been appealable. You don't need to say that 7512 was directly incorporated. But here, 7511 was not directly incorporated, but the statement that an employee of the FAA was. It's very clear from the legislative history and the language of the Ford Act that we're talking about an FAA employee. And much like with 7513, you look back to what the FAA mandates. And the FAA mandates that an employee means an individual who has passed the one-year probationary period. You are into your rebuttal time, which you may use or save as you wish. I will save, Your Honor. Thank you very much. Ms. Friedman. Good morning. May it please the Court. The Ford Act, codified in 49 U.S.C. section 4122, returned to FAA employees the appeal rights that they enjoyed to the board that they had had prior to April 1996. Doesn't the statute empower the FAA administration to have a new personnel management system and they provided for one year of service being sufficient? So doesn't the statute, didn't the statute delegate to the administrator the authority to, in effect, modify 7511? Well, there is nothing in 49 U.S.C. 4122 or in the legislative history of that section that shows any congressional intent to expand the board's jurisdiction beyond what it had in April 1996. I think what Judge Lurie is asking you is why would Congress want to distinguish between the rights of employees under the internal grievance procedure from the statutory right to appeal to the MSPB? One-year employees can go through the internal grievance procedure, which Congress wanted to have created under the 1996 statute. Why, when it came back and restored the right to appeal to the MSPB, would it want to limit it to two-year employees? Why wouldn't you want to have parallelism? Well, they have different avenues. FAA employees under the personnel management system, under the FAA personnel management system has different avenues of appealing adverse actions. That's your theory. But why would Congress want to have a one-year rule for internal grievances and a two-year rule for going to the MSPB? That's the question. There's nothing in the legislative history. I understand. But what conclusion are we supposed to draw? I mean, isn't it reasonable to assume that they'd want to have the two parallel? Well, the way the statute is worded is that the MSPB should have FAA employees come to them in the same way that they came to the MSPB back in 1996. That's what's in the statute. That's what is written. And in 1996, FAA employees would bring adverse removal actions pursuant to 7701, which is in the Board Act as giving FAA employees the right to appeal to the Board. Those FAA employees would come pursuant to 7701 through the mechanisms of the law, rule, or regulation found under Chapter 75, or 75.12.1 in terms of removal, and 75.13.D. In fact, the Board Act, which includes Section 7701 as applicable to the FAA, cross-references to 75.13 as the authority in which to bring an adverse removal action from an FAA employee back to the Board. So when we look at that, even though Chapter 75 is not named as those provisions that are included for FAA employees, it is really in that forward act by the inclusion of the language of 7701. And in the case of Antolin, we know that the definition of employee is controlled by what kind of action is brought. And the action that is brought under an adverse removal action is brought under Chapter 75.12 or 75.13.D. So we look at the definition of employee under that Chapter 75, and that definition of employee is indeed 75.11.A.1.C. in this case, because Mr. Roche is an accepted service employee. But the statute says an employee of the administration, and then under the program, employees defined as someone who served one year. So in effect, Congress has delegated to the agency power to override the Section 5 statute. Well, we have to look at G3. And G3 under 49 U.S.C. 4122 says that FAA employees may have appeal rights to the Board as they had back in 1996. The forward act that put in a definition of employee did not, back in 1996, have actions to the Board. So we have to look at how did FAA employees appeal to the Board back before April 1, 1996. And they appealed to the Board through 75.12, and they had to meet the definition under Antolin. So you're saying that in G3, an employee of the administration is not defined by the performance management system, but by what was in effect on March 31, 1996. Well, when you look at the language in FAA employee, it just means that those type of employees may now bring actions to the Board. But in terms of a jurisdictional predicate... I think that argues against your position, because the definition of an employee under the performance management system is someone who served one year. But it's contradictory to Antolin, which says that you have to look at the statute that goes to the underlying basis of the action. And the underlying basis of the action is under 75.12. And you have to look at the definition of employee under Antolin under that chapter. Address the Gonzalez case for us and how that was a situation where there was back pay restoration. It wasn't included. It wasn't an exception to the Act. And your interpretation of Gonzalez, because that is our precedent. Okay. The language in 41.22.G3 says that employees of the FAA can appeal to the Board in much the same way that they could back in 1996. It deals with the appealability of actions. It does not deal with remedies. And also the big difference in Gonzalez was that it dealt with sovereign immunity. And there is a much more strict construction in looking at sovereign immunity questions than there are looking at this type of issue. I also do believe that Coridesi is the case that is the dispositive case in this area. Gonzalez said we're going to give this Wendell Ford Act a strict construction. That's right. We're going to say if the statutory section is not listed in here, too bad. And you successfully applied that against the employee in Gonzalez. Now the shoe is on the other foot and you're trying to say, okay, now that it's the government that's making the argument, we can include a section that wasn't mentioned. Well, Gonzalez, again, deals with the waiver of sovereign immunity. So you have a stricter... It's the same statute. You have the same strict... The same principle of construction ought to apply to the government and to the employee, right? Yeah, but it also deals with remedy. And what 49 U.S.C. 40-122 deals with is the appealability of actions, what's appealable. And that deals with the jurisdiction of the board.  So there is another difference between the Gonzalez case and this case. As I started to say, Coridesi, I think, is the dispositive case in this area. The court recognized that the Ford Act restored to employees under the FAA... But that's just a statement. That's dictum in there. They weren't addressing this question. Were they in Coridesi? I think they absolutely were because they addressed what the Ford Act did in giving back appeal rights. There was no argument on the other side. There was no argument, such as being made here today, that the Ford Act applies a different definition of employee. Nobody argued that. But what Coridesi... Isn't that true that nobody argued that in Coridesi? Well, I'm not sure what the arguments were in Coridesi. Well, the one versus two year requirement wasn't at issue there, was it? No, I didn't see that as an argument, if that's your question. There are plenty of cases saying that under those circumstances, it's not binding the board. But I think what Coridesi did was go into addressing which employees may appeal to the board from a removal action. And Coridesi was an air marshal who was removed under 75-12-1. And so the question became, well, we have to look under Antolin. That's the underlying basis of the action is removal under 75-12-1. So we have to look at 75-11 to see if he was an employee entitled to appeal. Well, in that case, they looked to see if he had two years of current continuous service in the same or similar position. So I think that Coridesi does stand on all fours with the issue here. Or at least three and a half. Maybe three and a half. Well, if there are no other questions, I will rest on my brief. Thank you, Ms. Freedman. Mr. Sills has a little rebuttal time. May I? Ms. Freedman says that Coridesi applies because it dealt with the Ford Act. And it looked to 75-11 as the definition of an employee. Well, as your honors have pointed out, nobody ever asked anybody in Coridesi whether or not 75-11 should be applicable. However, this court did take on that question in Gonzales. This court did undertake a rigorous analysis of which portions of Title V should in fact be applicable to FAA employees. And that court found if it was not part of the listed exclusions, it should not be included. However, similarly here, 75-11 was not included in that list. But what the Ford Act did do in both G-3 and 401-22H, it indicates that an employee of the FAA administration, and that can only be defined as an employee of the FAA, may select one of several options. They can go through the grievance procedure. They can go to the guaranteed fair treatment process. Or they can go to the MSPB per G-3. Now there shouldn't be, as Judge Dyck was indicating, there shouldn't be different systems. And if an employee with one year of service can contest his removal through the grievance procedure, under 401-22H, that individual can also go to the MSPB. It's the same employee. They have that choice. Congress delegate to an agency the right to overrule a statute? Well, Congress delegated to this agency the right to set up the rules and regulations for FAA employees. And Congress here in the Ford Act established that the FAA can send, as they did here, their employees to the MSPB. While it's not dispositive, it's very telling that the FAA has never raised an objection with Mr. Roche's course of action. In fact, the FAA, when they fired Mr. Roche, said you can go to the MSPB. When Administrative Judge Hallock raised this issue, the FAA concurred with Mr. Roche, that Mr. Roche should have been before the MSPB. Well, that's because his claim could be an MSPB claim. I mean, it's a 75-12 or 75-13 claim, right? So then he would be entitled to be interpreted as a 75-11 employee. Well, Your Honor, though, at the time when the Administrative Judge brought this to the parties for show cause, whether or not this employee could be heard because of his years of service, the FAA agreed with Mr. Roche. They agreed with Mr. Roche's interpretation of the statute, and they agreed with Mr. Roche's interpretation that 49 U.S.C. 4122 G3 and H allow Mr. Roche to go to the MSPB as one of his avenues. I believe my time is out. Thank you, Mr. Sills. Thank you. We'll take the case under revising. Thank you very much. Thank you.